Carlos Tomas GARCIA, Plaintiff–Appellant,

v.

L.E. DAVIS; et al., Defendants–Appellees.

No. 00–16950.
D.C. No. CV–99–02295–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**584**

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM **

California state prisoner Carlos Tomas Garcia appeals pro se the district court's order pursuant to 28 U.S.C. § 1915A dismissing his action under 42 U.S.C. § 1983 alleging that prison officials violated his constitutional rights by conducting unwarranted strip searches in areas where others could view the searches. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order dismissing pursuant to 28 U.S.C. § 1915A(b)(1). *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). We affirm in part, and reverse in part.

■ The district court erred by dismissing Garcia's claim that defendants violated his Eighth Amendment rights when, despite their knowledge that Garcia has a medical condition which prevents him from bending over, defendants required Garcia to bend over during unwarranted strip searches, thus subjecting him to excruciating pain and suffering. *See Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). We therefore reverse the district court's dismissal on this claim, and remand for further proceedings.

■ The district court correctly found that defendants are entitled to qualified immunity on Garcia's remaining claims because the constitutional rights allegedly violated are not clearly established. *See Somers v. Thurman*, 109 F.3d 614, 617 (9th Cir.1997). Accordingly, we affirm the district court's dismissal of Garcia's remaining claims.

We reject Garcia's remaining contentions.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.